**YONG FEI JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–1083–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

---

Troy Nader Moslemi, Miami, FL, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, George Jackson, III, Edmond Chang, Craig A. Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yong Fei Jiang, a native and citizen of China, seeks review of a January 31, 2005 order of the BIA affirming the November 6, 2003 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Fei Jiang*, No. A79 683 148 (BIA Jan. 31, 2005), *aff'g* No. A79 683 148 (Immig. Ct. N.Y. City Nov. 6, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 138 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ reasonably determined that Jiang's testimony regarding the first movement of Falun Gong was evasive. In addition, the IJ reasonably noted that Jiang failed to provide a coherent answer as to how Falun Gong has improved his health. The IJ reasonably found that Jiang was inconsistent as to when he was arrested and when he was discovered by the village official. Jiang also failed to provide a reasonable explanation as to how his mother was able to obtain his birth certificate if the police were searching for

him. And the IJ was reasonable in finding that Jiang failed to provide sufficient corroboration to rehabilitate his questionable testimony. Jiang argues that the IJ used the wrong standard in assessing Jiang's corroboration; he argues that the IJ erred because she did not identify the missing pieces of evidence or explain how they were reasonably available. Jiang fails to acknowledge, however, that the IJ need not comply with these two requirements if the alien is otherwise not credible. *See Xiao Ji Chen*, 434 F.3d at 164 (explaining *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) and *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003)).

The IJ's overall adverse credibility determination is supported by substantial evidence.

Jiang does not provide any specific arguments regarding the denial of his CAT claim, but he does state that the IJ erred in denying his CAT claim in the conclusion of his brief. This Court has explained that when a petitioner "devotes only a single conclusory sentence to an argument," this is insufficient to raise an issue on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Accordingly, Jiang has failed to raise any arguments challenging his CAT claim, and it is waived.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Pro-

cedure (a)(2), and Second Circuit Local Rule 34(d)(1).